UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

RYAN O'NEAL DAVIS,
    Petitioner,

v.                                          Civil No. 2:12cv92

RANDALL C. MATHENA,
    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of Petitioner's constitutional rights pertaining to his conviction for murder. Petitioner was convicted in 2008 in state court and was sentenced to life imprisonment in the Virginia penal system.

The petition was referred to a United States Magistrate Judge for a Report and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's Report and Recommendation, filed February 12, 2014, recommends that the petition be conditionally granted.

By copy of the Report, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received the parties' objections to the Magistrate Judge's R&R, and has considered the objections carefully.

Respondent contends that the Magistrate Judge erred when he recommended that the petition be conditionally granted due to counsel's failure to object to Petitioner being shackled in view of the jury. Petitioner contends that the Magistrate Judge erred when he recommended

dismissal of Petitioner's other claims. After reviewing the record *de novo*, the Court agrees with the Magistrate Judge's findings and conclusions.

The Supreme Court of Virginia's finding that Petitioner was not shackled was not a ruling on the merits that is entitled to deference because that court's failure to hold an evidentiary hearing left the record on that issue incomplete. *Winston v. Pearson*, 683 F.3d 489, 502 (4th Cir. 2012). The evidence presented before this Court indicates that Petitioner was unconstitutionally shackled in view of the jury. Trial counsel's failure to object to this shackling constituted deficient performance and was prejudicial to Petitioner. *See Deck v. Missouri*, 544 U.S. 622, 635 (2005) (discussing the prejudicial effect of visible shackles). Therefore, Petitioner's trial counsel was constitutionally ineffective on this basis. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The proper remedy for this error is to conditionally grant the § 2254 petition pending retrial. *See Herrera v. Collins*, 506 U.S. 390, 403 (1993).

Petitioner's remaining claims were properly addressed by the Supreme Court of Virginia, and that court's findings on those issues were not unreasonable.

The Court accepts the findings and recommendations set forth in the Report and Recommendation filed February 12, 2014. It is **ORDERED** that Respondent's Motion to Dismiss is **DENIED**, and that the petition is **CONDITIONALLY GRANTED**, pending the commencement of re-trial proceedings by the Commonwealth of Virginia within a reasonable period of time from the date of this Order.

Petitioner may appeal from the Judgment entered pursuant to this Final Order by filing a *written* notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such Judgment.

Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right with respect to the dismissed claims. Therefore, the Court declines to issue a certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to all counsel of record.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

March 27, 2014
Norfolk, Virginia